The next case is number 519-0144, Roberson v. Symphony Post Acute Care Network. Counsel, ready? Thank you. May it please the court, counsel. We are here today on the defendant's appeal from class certification order. Defendants respectfully submit that the circuit court's order should be overturned for several independently dispositive reasons. In short, the defendants submit that the circuit court erred foremost in failing to address the threshold matter in any class action. And that threshold matter is whether the named plaintiff, Soraya Roberson, can pursue the claims she seeks to adjudicate on behalf of the class. So I'll explain later that the circuit court's failure in this regard is an error of constitutional magnitude in multiple respects. We further submit that the circuit court erred in concluding that Ms. Roberson's claim is common to the class. And that the class action is the appropriate adjudicatory method for her claims. And finally, we submit that the circuit court erred in proceeding to certify a class without allowing defendants to obtain meaningful discovery related to class certification issues. I'll address each of these shortcomings in turn. With respect to the first, before any circuit court addresses statutory requisites, statutory requisites that are set forth in section 801. Counsel, could you speak up a little while we're recording? And it's for your benefit that the recorder take. Yes, Your Honor. Yes, Your Honor. Before any circuit court addresses the statutory prerequisites for class certification, it must determine whether the named plaintiff and the purported class that she seeks to represent have the same claims. She has to be able to pursue a personal claim in her own right, the same claim that she's seeking to adjudicate on behalf of the class. And there's no question that the circuit court is obligated to consider that threshold matter. That's the holding of cases from this court. It's the holding of cases from the Illinois Supreme Court. This is a critically important issue here. But yet, it's been left unaddressed by the circuit court and by Roberson in her briefing here and proceedings below. It's critically important because the class that's certified here is defined so as to include not only claims against the named defendants, but also the affiliates of any person or business associated with the symphony post-acute care network, which she's defined in various places in the trial court record as including 20 so-called symphony locations. Roberson does not have a personal claim against the MDs that operate the other symphony locations. And the record is undisputed on these following factual points. During her eight-year, excuse me, eight-week tenure, Roberson worked for Symphony Sycamore at the location, the only location that that entity operates. That's a location where all of Symphony Sycamore's employees work. It's also undisputed that the other named defendants of the case, that's Symphony Healthcare LLC, as they are, in essence, single-purpose liability companies that possess leasehold interests and or membership interests in other limited liability companies. As I mentioned before, Roberson has identified roughly 20 symphony locations that she is seeking to bring claims against based on the class definition. But it's undisputed that aside from Sycamore Village, the only location that defendant Symphony Sycamore operates, all those other locations are operated by entities that are not parties to this case. Moreover, it's undisputed that Roberson never visited any other symphony location, that she does not know anyone who worked at any other location, and that she has no reason to believe that any entity other than her employer, and that's defendant Symphony Sycamore, that any entity ever collected or stored her handprint or biometric information. We submit that the circuit court had a duty to look at these facts and to understand the claims and defenses that relate to those facts. For as this court has held, the class certification inquiry requires the court to look beyond the pleadings. It must understand the claims, defenses, relevant facts and applicable substantive law. That's the holding in this court's decision of being Mr. and Mrs. Sycamore, as well as the decision from the Supreme Court. Was this, as I recall, as part of the argument that you didn't have a hearing to address these issues, is that what happened? I mean, there were pleadings on file, and the court made a ruling, and in your argument, hey, we should have hearings so we can address these threshold issues. Well, the lack of a hearing impacts the standard of review. So it's true that the circuit court judge that entered the class certification order did so based solely on the pleadings, affidavits and other evidence that was submitted to him, but no hearing was conducted. That was a first, and we hadn't appeared before him. Okay, so it had been before the front of another judge. Correct. It had been before, yes, other judges. That's correct. So the circuit court judge that ruled on the class certification motion did so based solely on the parties' briefings. And we submit that that impacts, to answer Your Honor's question, impacts this court's assessment of that class certification order because the context in which an order is entered can impact the standard of review. This court has cases to that effect, so does the Illinois Supreme Court. And there's a reason for that because that judge, the circuit court judge that entered the order, is not in an appreciably better position than this court to evaluate the parties' contentions because he's got the same record you do. There's no evidentiary hearing. There's no hearing at all, set aside a hearing that's evidentiary, that would require this court to give any sort of deference to his opinion whatsoever. That's, we set forth a series of cases. That's true for a number of reasons. And it applies, I would submit, even for certain, in circumstances where the standard of review might be an abuse of discretion. So, for example, I believe it was the holding of this court that, say, the Section 1401 context, where parties try to seek relief from a judgment. There are certain circumstances, and perhaps even by default, the review would be an abuse of discretion. But if the trial court is only basing its opinion on documentary evidence without the benefit of an evidentiary or other hearing, the standard of review becomes de novo. So that is, I would submit, that the lack of hearing impacts the standard of review. So it wouldn't necessarily be wrong in and of itself for the judge to do it that way, but it does impact what this court can do in reviewing it. And what's evident from that order is that the judge did not, there's no meaning, did not look at these undisputed facts or how they bear upon the claims in defense of the issue. And that's apparent from the face of the order, the class certification order itself. And, again, this is a critically important issue because On the standard of review, if you have, for example, a case that goes to the workers' compensation appellate court from the workers' compensation commission, the commission doesn't actually hear evidence. Yet the appeal is a manifest weight standard, and the commission has only looked at the arbitrator's case. Repeatedly, the argument is made that the court should look at it de novo because the commission didn't actually hear the evidence. Courts always review. It doesn't matter whether the judge actually heard the evidence or not. It's still a manifest weight standard. So I don't really understand your argument. Well, I'm not sure exactly.  But that's what the Illinois Supreme Court has said, is that this court should consider context. And there's a holding from this court as well that context is critical. And if you bear with me, I'll find some slides for that. So, for example, in People v. Coleman, the Illinois Supreme Court says a proper standard of review cannot be articulated without first examining the substantive procedural backdrop against which the appealed order or ruling arose. Which, again, this is a Supreme Court case, Townsend v. Sears-Robach, where the Supreme Court says, where the circuit court does not hear testimony and bases its decision on documentary evidence, the rationale underlying a deferential standard of review is inapplicable if the review is de novo. And that's true even in cases, like I said, where it might otherwise be an abuse of discretion standard. And I would direct the Court to the Section 1401 case that I referred to earlier as Pickens v. Ahems, Temple No. 132, and that's 2018, IL-AB 5th, 170226. And we cite other examples where the standard might otherwise be an abuse of discretion, had certain things happen in the trial court, but where the trial court did what it did here, and it ruled just based on the parties' written submissions that the standard of review would be de novo. This is a critically important issue, this threshold matter and what we think the judge should have evaluated in determining whether the plaintiff, Ms. Roberson, can assert claims that she's purporting to adjudicate on behalf of the class because the class definition is broader than a claim that she can personally represent. She has a basis, at best, only to pursue claims against her employer. She has no reason to think that any other entity took her biometric information and there's no other basis to the record to suggest that they did. Yet she's seeking to include and has defined her classes including claims that would lie only against non-parties and what they did vis-a-vis their employees, who among them do not include her. And I would submit that this Court's opinion in Buper v. Madison County is instructive on this point, and that's a class certification review where this Court held that class certification was inappropriate, where the plaintiff could not articulate a cognizable claim against the county, and I believe there's a county representative as well that was named to pursue. And if Buper, if I remember, serves, this Court also said the trial court has a duty to look into the facts and claims and defenses that relate to the claims that the class plaintiff is purporting to represent and pursue. And this Court held in that case that the plaintiff actually could not assert a claim against the county for various reasons that frankly go beyond my understanding of the law at issue in that case. But the upshot is that if you can't bring a claim in your own right against a certain party, you cannot certify a class that purports to adjudicate a claim against that party. So that applies here in two respects. One is as to the defendants that are already under the suit who are simply members of an LLC or they hold leasehold interests, but in any event don't have any employees or physical operations, don't have any connection to Ms. Roberson. The class can't be certified as to those named defendants. But also it can't be certified to include claims against non-party entities by application of the same principle. In fact, those non-parties are one step further removed because the Court doesn't have jurisdiction over to adjudicate claims that would only lie against them. We submit that the circuit court erred in ignoring this threshold issue of whether Roberson can state a viable claim against the non-employing defendants but also the non-party entities that operate. What remedies are you asking for us to enter? I'm sorry. What are you asking for us to do? The order should be vacated. The whole order? The whole order should be vacated. The arguments that I focused on up until now pertain to the non-employer defendants but also the other non-party entities that would be swept within the class definition. But other arguments would pertain specifically to the employer entity as well. And so we submit that the circuit court in failing to address this threshold matter disregarded controlling precedent including this Court's decision in Bucher. And I would say that the upshot here is that Roberson's never explained either here or in the proceedings below how it is that she can possibly represent a class that purports to adjudicate claims against non-parties as to which she has no personal claim. And let me... We illustrated this in our brief but I just want to highlight it for the Court's consideration. If... An example I think illustrates this point. So Roberson is employed by an entity, Symphony Symphony LLC. That entity operates one symphony location. There are other locations that the class is purporting to adjudicate claims as to. Those are the other entities that operate the other symphony locations. If Roberson were to have named Symphony of Lincoln Park in Chicago rather than Symphony Syphomore as a defendant, the case would be balanced immediately. I would submit. Because she didn't work there. She never set foot there. She never talked to anybody there. There's no basis to think that that entity ever collected her biometric information. She never scanned her hand there. But yet she has no personal... No personal claim against that entity. But yet she's seeking to certify a class that sweeps in claims against that entity. And that's why we submit that the threshold issue here is so critical. And as I mentioned in my opening, this is an issue that's over breadth issue and has constitutional implications in several respects. One is that the trial court doesn't have jurisdiction to adjudicate claims as to non-party entities that have not been served in process or not before the court. But there's also due process implications for the named defendants. So what would happen if Roberson were successful in certifying a class that sweeps in claims that apply only as to non-party entities and what they did vis-a-vis their employees, we, the named defendants, would be impacted by that because the liability... Let's say she wins at a trial on a class defined in that way. That liability would be imposed only against these named defendants. So these named defendants would be liable for the conduct of non-parties, parties that are not before the court. And that has due process implications as to the named defendants and particularly for reasons that we set forth in our briefs. Well, let me ask you this. Yes. The order of the trial court that's in the appendix defines the class broadly and then identifies a subclass all Illinois citizens whose biometric information was collected, captured, purchased, received through trade or otherwise obtained in Illinois at the  also known as Symphony Post-Acute Network location in Swansea, Illinois as set forth in the Illinois Biometric Information Privacy Act. How is that subclass wrong? So the subclass would be wrong for reasons that I haven't yet addressed in my argument, Your Honor. So with respect to the subclass, there would be issues as to whether the class action is an appropriate method of adjudication because what we did or what we tried to do in the trial court level was to obtain discovery as to certain issues that we thought bore upon class certification. We didn't get adequate answers to that discovery. So with respect to the subclass in particular, the plaintiff has never articulated the damages theory. We asked for them. We said, what are your damages? How are you going to calculate them? And even if you would need further facts or develop further facts in the record to say what exactly the amount of your damages is, that's one thing. But you should still have a theory as to what that damages is. And the reason why that's important is because, again, in Bucher, this Court said the class was infirmed because the plaintiff failed to articulate a methodology for calculating damages on a class-wide basis. So this is a fortiori case. So the plaintiff has not articulated any methodology whatsoever. It's impossible to conclude that the damages are calculable on a class-wide basis. They've never articulated it. We've asked several times. We've highlighted it in the briefing down below. We've highlighted it in our briefing here. We said, what are your damages? How do you calculate them? What is her personal request as far as damages go? Because that all impacts class certification. So, for example, another impact that it has with respect to the subclass, Your Honor, is that if she is going to contend that she's entitled to obtain damages, statutory damages, for willful violations of the statute, each time she put her hand on a handprint scanner, that would mean that during her eight-week tenure, if you assume that she clocked in and out of work twice a day and that she worked five days a week, she'd be entitled to something in the neighborhood of $400,000. And that bears upon certification because if an individual class member's damages are that high, then the policy rationale for class certification it erodes away. And that's true now in cases in Illinois, but also U.S. Supreme Court cases and beyond. The class action mechanism is designed to aggregate low-value claims. It's such that if she, as an eight-week employee, is going to contend that she has suffered something in the neighborhood of $400,000, that's going to bear upon certification. But we don't know what her damages are, which is why even the subclass is not properly certified. I would also remark, Your Honor, that... Have you taken her deposition? We have taken her deposition. What did that information yield about damages? So, she testified that she did not know whether she had suffered an injury. And if memory serves, Your Honor, I asked her about her damages and was told that that was an issue for her lawyer to address or something to that effect. I don't recall specifically what she said, but we did not get information as to what her damages theory was. I understand I've reached the end of my time. Unless there are further questions, I'll reserve for a vote. May it please the Court. My name is Gregory Powell. I'm here on behalf of the plaintiffs in the putative class. I was pretty blown away by what I heard, or at least didn't hear, with respect to discussion of the hearings that occurred in this case.   to Class C. There was an evidentiary hearing with respect to Class D. The defendants chose not to submit any evidence, such as lie of testimony or affidavits at that hearing, but the hearing most certainly did occur. That occurred before Judge Garmick. We had traced some of the procedural history of this case. Defendants engaged in one heck of a lot of judge shopping with numerous motions to substitute, disqualify, etc. What occurred was Judge Garmick held the evidentiary hearing to its close, and then after the close of that hearing, after defendants had heard all the evidence and arguments, I believe the next day they decided that they were going to move for substitution of judge, having taken the temperature of the room. We respectfully submit that's frankly improper, should be condoned by this Court in other cases. In this case, however, it's not. In this case, however, I conceded, fine, substitute the judge. She granted that motion? She did. She questioned why we weren't objecting more or less, but as I told her at the time on the record, we let it go just to move the case forward. We didn't need to hear the evidentiary hearing. We thought fully supported class certification in this case. As it turns out, it did. Judge Horner, looking at the same evidence, ruled the same way. What about the arguments you heard from counsel about the standard of review? The standard of review is abuse of discretion. There's no to me that argument is extraordinarily convoluted. The fact, the evidentiary hearing was held. There's no reason to basically throw out the baby with the bathwater simply because the case was subsequently transferred to another judge who was ruling on the same record that Judge Gomerick was. If you were going to say that, then basically you might as well rule on abuse of discretion. Quite frankly. You're not allowed to invite your own error. If you substituted the judge that heard the evidence, then you certainly don't get to change the standard of review because you got a new judge. I wouldn't think I didn't mean to interrupt. I apologize. Especially when I'm making your argument. Yes, indeed you are. I would agree wholeheartedly. Are there any other questions I can ask field on a standard of review? What about class certification? What about the issue of the subclass that I raised? I believe the subclass is proper. As you saw, their entire argument was predicated on the notion that they did not get sufficient discovery. That's blatantly false. On two to three fronts at a minimum. First off, as was clear in the record we tried to point out in our brief, Judge Lopeno said very clear guidelines with respect to discovery. Judge Lopeno said here's what we're going to do. Here's how we're going to proceed. There was a lot of stonewalling by defendants. The reason why I raised that is it's important. Judge Lopeno said I'm going to resolve any potential discovery disputes. You guys need to present them to me. Send me a chart, a grid, a format. Which discovery disputes are important for class certification? Defendants provided what Judge Lopeno requested as to plaintiff's discovery disputes with defendants. Those are not an issue of course on defendants' own opposition. What they didn't do was present Judge Lopeno with their discovery disputes as to their dispute with plaintiffs. Judge Lopeno said please in essence, you claim you want something further from plaintiffs, set it up for me so that I can go over this and rule. They didn't do that. What they're trying to do is muddle in the briefing the fact that they did give him what he wanted as to our beefs if you will. But that's not an issue. Ultimately we deferred any of our discovery problems with them because we had enough evidence and the class cert. So there's a ton of documentation that we deserve from them that is forthcoming. None of that's an issue. They summarized that just as he told them. They did not summarize their own evidence or their own evidentiary problems. They told him point blank, we don't need to do that. You need to just look back at our briefs and rule accordingly. So again, kind of along the lines, if you can't invite your own error you certainly can't complain about the state of discovery when the judges directed you, trial court judges directed you to present your problems in a certain way and you've refused to do so. What about the issue of the damages that the appellant raises saying that you haven't provided evidence of damages? Again, just totally untrue. Damages, as we put in our discovery responses, damages are calculated according to commitment. This is a statutory cause of action. The quantum of damages is laid out specifically in the statute. We seek damages according to BIPA. What they I presume what they want to do is I think it's fair to say there are some unresolved issues when it comes to BIPA. How is BIPA and its provisions applied in practice? I mean this is all kind of cutting edge stuff. The Supreme Court has only clarified the nature of the right within the last 12 months and said it's very broad. You don't have to show actual injury. Non-compliance with the statute is enough. This is a very evolving area of law and some of that some of the law undoubtedly is going to be promoted under the facts of the cases as they develop in the trial courts giving eventually courts of review a robust factual basis upon which to shape the law further or deviate from how the trial courts may be shaping it. But none of that is right on a simple motion for class certification. I have a feeling that we said we're seeking the damages that BIPA allows. That wasn't enough for them because I feel they probably want to delve into a bunch of nuanced issues with respect to BIPA's damages on no evidentiary record whatsoever. Aren't they entitled to know how you're going to calculate damages before trial? Before trial they certainly are, Judge. Yes. We don't propose to go into trial with some nebulous quantum of damages. But to the same extent, even the legal theory somewhat depends on the facts as they come in. And those facts are going to be the same and the theory of damages is going to be the same for the entire class. So it made perfect sense for the trial court to say, yes you're seeking damages according to BIPA. Let's do this on a class-wide basis. We're not going to have 2,000, 5,000 students determining perhaps differently in every case how BIPA damages are determined. Let's get the facts in once and for all for everybody. And then we can on the basis of the evidence decide how we calculate the quantum of damages. I don't know how else you perceive particularly in a cutting-edge type case on no evidence the quantum of it would be like saying I can't come up with a really cogent hypothetical because again this is a statutory cause of action so a little bit sweet-generous if you will. That would be my thoughts on that. If there are particular concerns with respect to damages or what it means at this stage of the proceedings I would love to field them particularly because individual questions of damages and injury have never been a have never forestalled class certification. I mean that's almost axiomatic in class cert law. Could I address some particular quantum of damages further? I guess his argument, counsel's argument is if it's a high number every time it's scanned then their argument is well then class certification would be inappropriate. To address that, we don't we plaintiffs don't understand the technology because they've stolen all discovery as to it. Therefore you the court doesn't have the first inkling of how spans technology works. So does that even make sense that that hypothetical that they raise. Maybe it does, maybe it doesn't. First we need to get in all the facts of how these machines work how they were used and operated in practice. Then we can talk about well this summarizes, does each scan count? But judge, even if that ends up being the case, if a court of law says yes, I find that legally each scan is a separate event, right? It might not even be in this case. That could be in a completely different case, but suddenly it's the law of Illinois. If that happens then decertification at that time I suspect is the answer, but before that occurred we would have several issues to deal with. I mean the argument this parade of horribles argument presupposes a very great number of unsettled questions of law and fact and you don't adjudicate unsettled questions of law and fact on a motion for class certification or the appeal thereof. That would be my response because it's an open book. The page has yet to be written. Are there any more questions I might field on that topic? I want to address this notion of what is undisputed and Spare has certainly taken the approach that things will be made true or believed true the more you repeat them and has repeated over and over and over again this litigation that someone operates this location. Someone operates that location. It wasn't us who operated this location. We didn't employ these people. There's no evidence of any of that in this case. None. You have no evidentiary basis to believe a word of that. Not a word. And so to over vacate or over rule or overturn the trial courts candid order would make no sense because as the trial court recognized we haven't gotten there yet. The how Spare operates is a question that every Spare worker will have would like to have answered and again it makes sense to do that on a class wide basis. We're not going to have 2,000, 5,000 separate suits talking about how does Spare operate. And there's no evidence that they've provided with respect to that. None. Most of the story has come from plaintiffs and in unrebutted fashion. For example, we've raised numerous times in the trial court also in this court's briefing Spare's chief operating officer, Michael Munter described Spare as an integrated post acute care and senior housing provider in the Midwestern United States. That's what they are. Spare is an integrated provider of healthcare, specifically nursing homes. Spare has never addressed that once. Not once. And we've raised that so many times. So this court is more or less confronted with the argument of who are you going to believe? Me or my own lying CLL. That's the crux of it. Spare at all times promotes itself as a unified entity. Again, it holds itself out to the workers and public as the employer of choice and maintains a separate job database. We put that in. They haven't done Spare has not done anything to contradict any of that. And so to simply state that their version of the fact should be believed would be more or less against the weight of the evidence but it's not really the evidence we're talking about on a motion for class certification. We're talking about what vehicle makes sense to explore the evidence, to develop the evidence and eventually rule on the evidence. And the trial court quite correctly found that it should be done in a class setting because these are going to be common questions that every worker of Spam has. It doesn't make a difference who employed who. It doesn't make a difference under BIPA certainly. Employers are nowhere in the statute. In fact you know BIPA specifically suggests that liability can arise at a gas station or a school cafeteria or at a grocery store. So divorced entirely from the employment context, you still have BIPA liability and being as it is undisputed according to Spam's own chief operating officer that Spam is an integrated network, there's every reason to believe that wrongdoing has been integrated all across that quote unquote network. If there are questions I would love to address further this notion that you know there's any evidence in support of Spam's entire narrative with respect to how it operates. Is there anything specific I might do to address that? Thank you. I also wanted to point out again on the there's no reason to believe for example that anyone else had to do anything with it as set out on page 29 of our brief you know again supporting its, buttressing its own COO statements was the email from Scott Norton, the senior vice president of human relations for Spam directing Illinois locations to delete employee records specifically because of BIPA liability specifically because of BIPA liability you know maybe it would be a good time to purge those records from the system so when you hear things are undisputed, when you hear there's no reason to believe, when you hear that this is some limited phenomenon or that plaintiff doesn't have standing it's simply not true every Spam worker, every symphony worker has an equal and vested interest in the outcome of this case the inquiries into what exactly happened here on a network wide basis it's particularly as they are all proceeding under the same statute it lends itself perfectly to class certification and so that was a heck of a lot of rebuttal I will respectfully submit as not getting to the direct point of what are our trial courts specifically directed to look at and consider when certifying a motion I'm sorry, when deciding a motion for class certification and there are statutory factors and this court and numerous other courts of appeal have repeatedly said you know we really don't deviate from these factors these are the factors you look at we're going to have a uniform body of law and then of course the 735 ILCS 5-2801 or simply 801 so the trial court here did its job it properly analyzed all of the statutory factors, 801 one, numerosity not even argued 522 I'm sorry there was in excess of 550 plaintiffs class members that were identified and that's just the tip of the iceberg as we pointed out there's a heck of a lot of discovery with respect to the other workers in the network that was just a small slice the Swansea location yes 8012 whether common facts of law I'm sorry, whether common issues of law are fact predominant it's fairly clear on its face in fact we've covered a bunch of those already in discussion but it is worth pointing out or refreshing everyone's recollection certainly at least my own that you don't have to have a uniform entirely common issues entirely common questions of law it's not the way it works a single question of law will do as long as it's common and predominant a single question of fact will do as long as it is common and predominant because we're not going to entertain 5000 suits all answering the same question the trial court here quite correctly found that every Span worker has a vested interest in resolving finding out the answers to these questions and assessing ultimately assessing whether what amount of liability there is in this case I see my time is up thank you very much we appreciate your time just a few points I'd like to address them both with respect to the damages issue we've submitted to the court already is that they haven't identified a methodology paraphrasing what he said he said that they asserted that they're entitled to damages that the statute allows our question is what do you think the statute allows you to recover because if you take an aggressive theory of damages where the plaintiff's individual damages would be astronomical and the class's damages in the aggregate would be super astronomical that bears upon class certification he confirmed today that he doesn't have, he's never articulated an actual theory as to what the plaintiff is entitled to recover and he has submitted apparently that it's some issue of fact that's yet to be resolved. Counsel, he also said well you could just move to decertify the class if things develop and the numbers were going to be higher than appropriate we could move to decertify yes, that's a provision of the rules but they have a burden they need to demonstrate that the class action is the appropriate adjudicatory method and that's a prerequisite to class certification you cannot make that determination without knowing whether they can apply their methodology on a class-wide basis. That's the whole debate here what he is suggesting is runs head first into his court's determination on paper. You have to be able to calculate damages on a class-wide basis. You have to submit a methodology they have not submitted a methodology therefore, this is an A4CRI case, they have not satisfied their initial burden of certifying the class it is a flat out misstatement of the record to say that we have not submitted evidence in support of our contentions. If he's looking for the evidence that supports our contentions we put it in the parent articles behind each one of the facts that we've supplied in large measure it comes from the parent articles but it's in our receipt and well established in the record below and everything that I submitted today to the court is in fact an undisputed fact he again has made a reference to workers without explaining how possibly this rule could seek to represent a class that would adjudicate claims as to the employees of non-party entities and again, she doesn't have a claim against those entities therefore, she cannot work to adjudicate those claims on behalf of the class there's reference also to the courts, this court excuse me, the trial court not being able to adjudicate law in fact on class certification I would say that that's incorrect to the extent that it suggests that the court should not go beyond the pleadings because that's the holding of Anna Buecher it's the holding of Illinois Supreme Court cases that we've said in our brief that the court does have a duty to look beyond the pleadings to file with the affidavits that have been submitted and other cognizable evidence just a few other a couple other points he has raised this issue with how we presented our discovery related arguments to the trial court for a time he took issue with us not supplying a chart we put it as a supplemental appendix to our reply brief we supplied a detailed chart as to what we did to respond to plaintiff's discovery request it is true that we did not supply a chart as to plaintiff's request but there's a very good reason why we did that they objected to everything, they objected wholesale we didn't need to send out a chart because I could say they objected to everything that we've submitted, they called our request to get damages information improper contention interrogatory they called our request to get injury information and improper contention interrogatory they called our request to get the names of people who have knowledge about the class allegations of the complaint, a contention interrogatory this is very basic stuff that we were entitled to that we did not receive and that's why we did not support the chart because their objections were across the board instead, what they say is that their class certification brief answers all of our discovery, it doesn't the issues that I've raised today before the court and also in our briefs have not been addressed ever, whether it's discovery or in their class certification order and lastly with respect to the procedural posture of the class certification order there was no evidentiary hearing there was a hearing before Judge Conrad who stepped in the morning that Judge Kolker granted our motion for substitution of judge she later substituted she granted, as your honor noted granted our motion for substitution of judge after that hearing because we contended that we did not have a meaningful chance to confer with our clients before proceeding with the class certification hearing which counsel admitted and the judge admitted would raise a serious appellate issue one last thought your honor if I might just finish one sentence, is that we're not contending that the court judge erred in entering a class certification order based on the pleadings or the development of the case up until the point it got to him we're saying that it impacts the standard of review thank you thank you counsel for your arguments the court will take this matter under advisement during your decision due course thank you again